| HERBERT BROOKS, JR. | NO. 21-C-119 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| RAY ALLEN JACOB, SAFETY SHOE DISTRIBUTORS, LLP, AND SENTRY INSURANCE COMPANY | COURT OF APPEAL |
| | STATE OF LOUISIANA |

April 13, 2021

Susan Buchholz
First Deputy Clerk

IN RE RAY ALLEN JACOB, SAFETY SHOE DISTRIBUTORS, LLP, AND SENTRY INSURANCE COMPANY

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEVEN C. TUREAU, DIVISION "D", NUMBER 38,655

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst

## WRIT GRANTED WITH LIMITING INSTRUCTIONS

Relators/defendants, Ray Allen Jacob, Safety Shoe Distributors, LLP, and Sentry Insurance Company, seek this Court's supervisory review of the trial court's February 22, 2021 judgment which denied their Motion to Compel Supplemental Deposition of Plaintiff.

On March 23, 2018, plaintiff, Herbert Brooks, Jr., filed a petition for damages against defendants, alleging injuries sustained as a result of a March 27, 2017 motor vehicle accident. Plaintiff's deposition was taken on September 11, 2018. Thereafter, over two years later, in October 2020, defendants sought to take plaintiff's supplemental deposition. On December 23, 2020, defendants filed a Motion to Compel Supplemental Deposition of Plaintiff, arguing that since his deposition, plaintiff has been diagnosed with new medical conditions, both physical and mental, undergone an additional surgery, received a surgical recommendation for an injury, and experienced a change in employment circumstances. Defendants noted that they stipulated to 100% fault, and thus the only issue that remains for trial is the question of medical causation, *i.e.*, the nature of plaintiff's injuries and the extent those injuries are attributable to the subject accident. Since plaintiff's ongoing injuries have changed since his deposition and because the nature and extent of his injuries are the only issues for trial, defendants argued that a supplemental deposition is necessary.

In opposition, plaintiff asserted that the information sought by defendants can be discovered through other methods. Plaintiff contended that defendants have access to and continue to obtain plaintiff's medical and employment records and have deposed all of plaintiff's doctors since taking his deposition. Further,

defendants' IME doctor is issuing a new report after reviewing the records and without a supplemental deposition.

The matter came for hearing on February 8, 2021, after which the trial court denied defendants' motion. In its oral reasons for judgment, the trial court stated that it did not find that good cause existed for the taking of a second deposition.

The Louisiana Supreme Court has long held:

> The basic objectives of the Louisiana discovery process are (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.
>
> *Moak v. Ill. Cent. R.R.*, 93-0783 (La. 1/14/94), 631 So.2d 401, 403 (quoting *Hodges v. S. Farm Bureau Cas. Ins. Co.*, 433 So.2d 125, 129 (La. 1983)).

To achieve these objectives, courts are to construe the discovery statutes liberally and broadly. *Id.* Courts have broad discretion when regulating pre-trial discovery, which will not be disturbed on appeal absent a clear showing of abuse. *Id.* at 406.

Louisiana Code of Civil Procedure article 1421 provides:

> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations, including additional medical opinions under Article 1464; request for release of medical records; and requests for admission. Unless the court orders otherwise under Article 1426, the frequency of use of these methods is not limited.

Louisiana Code of Civil Procedure article 1422 is Louisiana's general discovery article which provides that any relevant matter, not privileged, is discoverable. *Wolford v. Joellen Smith Psychiatric Hosp.*, 96-2460 (La. 5/20/97), 693 So.2d 1164, 1166.

In their writ application, defendants contend that there have been substantial changes to plaintiff's condition since his deposition, including new mental and physical injuries, surgery, surgical recommendations, and employment circumstances. Defendants argue that no one can testify as to the changes in plaintiff's *subjective* symptoms, mental state, and ability to return to work since his deposition other than plaintiff, the party asserting those claims.

When plaintiff was questioned about mental health treatment at his deposition, he stated that he was never treated for mental illness or depression. However, beginning on August 30, 2019, plaintiff sought treatment with a psychologist and was diagnosed with a "mood disorder due to medical condition." According to the vocational evaluation report conducted in 2019, on August 30, 2019, plaintiff was examined by a psychologist for symptoms of anxiety,

2

depression, chronic pain, and feelings of hopelessness/helplessness secondary to his inability to work. Further, in his deposition, plaintiff stated that he was employed by TCI. The vocational evaluation report states that plaintiff stopped working as a truck driver for TCI in September 2018 because the driving exacerbated the pain in his left shoulder and lower back. Also due to medication he was on, plaintiff was not allowed to drive a commercial vehicle. According to the report, plaintiff was restricted to light duty work. Additionally, at the time of his deposition, due to injuries to his shoulder and back, plaintiff had undergone arthroscopic shoulder surgery and had had a lumbar radiofrequency ablation. According to the vocational evaluation report, since his deposition, plaintiff continued to be consistently treated for injuries to his shoulder and back. He has undergone another arthroscopic shoulder surgery, and it has also been recommended by one treating physician that he have a SI joint fusion.

Upon review, we find that the trial court abused its broad discretion in denying defendants' motion to compel a supplemental deposition of plaintiff. In the interest to fairness to both sides and after carefully considering all of the particular facts and circumstances involved in this matter, we find that defendants have shown good cause to take a supplemental deposition of plaintiff, particularly considering the lengthy time period that has passed since plaintiff's deposition, and the changes that have occurred regarding plaintiff's mental and physical health and treatment and employment status since his deposition. In accordance with the Supreme Court's holding in *Moak*, *supra*, in order (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist the litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims, we grant this writ application and reverse the trial court's ruling which denied the motion to compel supplemental deposition of plaintiff; however, <u>we limit plaintiff's supplemental deposition to cover only new matters not specifically covered in plaintiff's original deposition</u>.

Gretna, Louisiana, this 13th day of April, 2021.

**JGG**
**RAC**
**SJW**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **04/13/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-119**

### E-NOTIFIED

23rd Judicial District Court (Clerk)
Honorable Steven C. Tureau (DISTRICT JUDGE)
Charles J. Duhe, Jr. (Relator)
Rachel Roe (Relator)
Michael P. Fruge (Respondent)

### MAILED

Antonio M. Clayton (Respondent)
Attorney at Law
3741 Highway 1 South
Port Allen, LA 70767

John C. Loupe (Respondent)
Attorney at Law
5656 Hilton Avenue
Baton Rouge, LA 70808

Richard J. Ward, III (Respondent)
Michael C. Hendry (Respondent)
Attorney at Law
3741 Louisiana Highway 1 South
Port Allen, LA 70767

Leah Voth (Relator)
Attorney at Law
4041 Essen Lane
Suite 500
Baton Rouge, LA 70809

4/12/21

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**
X _(signature)_  ☐ Agent  ☐ Addressee

**B. Received by (Printed Name)**  **C. Date of Delivery** 04/15/21

**1. Article Addressed to:**

Antonio M. Clayton
Attorney at Law
3741 Highway 1 South
Port Allen, LA 70767
21-C-119                    04-13-21

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3594 47

**2. Article Number** *(Transfer from service label)*

7015 0640 0006 9935 3619

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

4/13/21

**COMPLETE THIS SECTION ON DELIVERY**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

4-15-21

1. Article Addressed to:

John C. Loupe
Attorney at Law
5656 Hilton Avenue
Baton Rouge, LA 70808
21-C-119                    04-13-21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

9590 9402 2434 6249 3594 61

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7015 0640 0006 9935 3589

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

4|13|21

**COMPLETE THIS SECTION ON DELIVERY**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

04/15/21

1. Article Addressed to:

Richard J. Ward, III
Michael C. Hendry
Attorneys at Law
3741 Louisiana Highway 1 South
Port Allen, LA 70767
21-C-119                    04-13-21

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

|||||||||||||||||||||||||||||||||||||||||||||

9590 9402 2434 6249 3594 30

2. Article Number (Transfer from service label)

7015 0640 0006 9935 3602

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

4/13/21

■ Complete Items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leah Voth
Attorney at Law
4041 Essen Lane
Suite 500
Baton Rouge, LA 70809
21-4119                          04-13-21

9590 9402 2434 6249 3594 54

2. Article Number *(Transfer from service label)*

7015 0640 0006 9935 3596

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____          ☐ Agent
                                    ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery
Alexis Hebert          4/15/21

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt